**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DEL...ARE
2023 APR -5  PM 2: 59

Civil Action No.        **23 – 387**

(To be supplied by the court)

JEROME L. GRIMES,

_____, Plaintiff

v.                                              **Jury Trial requested:**
                                                **(please check one)**
                                                 __X__ Yes ____ No
ARAPAHOE, SPV, LLC.,

_____.

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**COMPLAINT**

---

| **NOTICE** |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.     PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

[*On 'optional time span' Temporary Leave*]     512 Ninth Street

Jerome L. Grimes, B.A., & MBA, & PhD Doctoral Graduate Student;     MacClenny, Florida 32063

(Name and complete mailing address)     (*INTENT To Live In Louisiana, soon.*)

**TEMPORARY MAILING ADDRESS:**

(492) 580-4756                          GENERAL DELIVERY

                                        **Montclair, California. 91763-9999**

(Telephone number and e-mail address)

                                        EMAIL Registered with PACER.gov

## B.     DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

**Mailing Address:**

405 Lexington Avenue, 59th Floor,

Defendant 1:   Arapahoe, SPV, LLC.,     New York, NY. 10174

(Name and complete mailing address)

**REGISTERED AGENT:**

VCORP Agent Services, Inc.,

(318) 429-2345                  1013 Centre Road,

                                Wilmington, DE. 19805

(Telephone number and e-mail address if known)

**Registered Office in Louisiana:**

3867 Plaza Tower Drive, 1st Floor,

Baton Rouge, Louisiana 70816

**Principal Business Establishment:**

132 Adolph Road,

Lisbon, Louisiana 71048

Defendant 2:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

Defendant 3:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

Defendant 4:     _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__  Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Antitrust Undervaluation of Crude Oil Payments; Trespass to Chattel in the Form of Crude Oil

Payments, and/or Minerals, Crude Oil, Sulpher, and Natural Gas Payments; Breach of

Fiduciary Duties (i.e., Negligence); 28 U.S.C. § - 1391(b)(2). Duty of Good Faith Delaware

law doctrine; Delaware code section **144** & section **391** - General Corporation law of the State

of Delaware.

__X__  Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of ____Florida_____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is domiciled under the laws of _____Delaware_____ (name of state or foreign nation).

Defendant 1 has its principal business office in _____New York_____ (name of state or foreign nation).

Defendant 1 registered office and incorporated under the laws of _____Louisiana_____
(name of state or foreign nation).

Defendant 1 has its principal business establishment in _____Louisiana_____ (name of
state or foreign nation).

Defendant 1 registered agent is in _____Louisiana_____ (name of state or foreign
nation).

Defendant 1 has (1) One officer in _____New York_____ (name of state or foreign nation).

**Defendant 1 has its Charter number in _____Louisiana_____, identified as: 43656227Q**
(name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.*)

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify
the right that allegedly has been violated and state all facts that support your claim, including the
date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim,
and the specific facts that show how each person was involved in each claim. You do not need to cite
specific legal cases to support your claim(s). If additional space is needed to describe any claim or to
assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).
Please indicate that additional paper is attached and label the additional pages regarding the
statement of claims as "D. STATEMENT OF CLAIMS."*

Comes now Plaintiff Jerome L. Grimes, B.A., & MBA, & PhD Doctoral Graduate Student (*On*

*'optional time span' Temporary Leave*), & In Pro Se, Plaintiff, and states and alleges as follows, under

the penalty of perjury, under the laws of the (USA) United States of America and Its Territories, that the

foregoing and following is true and correct:

1.                                          INTRODUCTION

2. The Defendant ARAPAHOE, SPV, LLC., has VIOLATED civil federal laws of Antitrust Laws For

Undervaluation of Crude Oil Payments to the PLAINTIFF, amounting to vicarious liability for breach

of **1944**-Crude Oil Exploration On PLAINTIFF(S') Land Lease Contractual Agreement pursuant to that

above-mentioned **Antitrust Civil Federal Law VIOLATION** making it time to "MAKE" a "new"

Contractual Crude Oil Exploration & Land Usage Rights for Lessee -and- Lessor Agreement. The

Original **1944**-Land Co-Owner/Land for Crude Oil Lessor: ALMER WASHINGTON/(DECEDENT) is

the Biological GREAT-GRANDFATHER of the Land Owner/Land for Crude Oil Lessor/Creditor/

Plaintiff: "JEROME L. GRIMES, B.A., & MBA, & PHD GRADUATE STUDENT (*On 'OPTIONAL*

*TIME SPAN' Temporary Leave*)"; and the Original **1944**-Land Co-Owner/Land for Crude Oil Lessor/

Creditor: ALMER WASHINGTON/(DECEDENT) is the Biological SON of **1944**-Land

Co-Owner/Land for Crude Oil Lessor/Creditor: FRANK WASHINGTON/(DECEDENT), and the

Original **1944**-Land Co-Owner/Land for Crude Oil Lessor: FRANK WASHINGTON/ (DECEDENT) is

the Biological GREAT-GREAT-GRANDFATHER of the HEREIN Land Owner/Land for Crude Oil

Lessor/Creditor/Plaintiff: "JEROME L. GRIMES, B.A., & MBA, & PHD GRADUATE STUDENT",

and the Original **1944**-Land Co-Owner/Land for Crude Oil Lessor/Creditor: FRANK WASHINGTON/

(DECEDENT) is the Biological GREAT-GRANDFATHER of Land Owner/ Land for Crude Oil Lessor:

RUFUS GRIMES/ (DECEDENT). RUFUS GRIMES/(DECEDENT), is the Biological FATHER of the

Land Owner/Land for Crude Oil Lessor/Creditor/Plaintiff, "JEROME L. GRIMES, B.A., & MBA, &

PHD GRADUATE STUDENT"; and the Original **1944**-Land Co-Owner/ Land for Crude Oil Lessor/

Creditor: ALMER WASHINGTON/(DECEDENT) is the Biological GRANDFATHER of Land Co-

Owner/Land for Crude Oil Lessor/Creditor: RUFUS GRIMES/(DECEDENT); and the above-

mentioned Original **1944**-Land Owner/Land for Crude Oil Lessor/Creditor: FRANK WASHINGTON/

(DECEDENT) is the Biological GRANDFATHER of Land Owner/Land for Crude Oil Lessor/Creditor:

EULA LANE WASHINGTON-GRIMES-FORD/(DECEDENT), and the above-mentioned Original

**1944**-Land Owner/Land for Crude Oil Lessor/Creditor: ALMER WASHINGTON/(DECEDENT) is the

Biological FATHER of Land Owner/Land for Crude Oil Lessor/Creditor:

EULA LANE WASHINGTON-GRIMES-FORD/ (DECEDENT), who is the Biological MOTHER of

Land Owner/Land for Crude Oil Lessor/Creditor: RUFUS GRIMES/(DECEDENT), and Land

Owner/Land for Crude Oil Lessor/Creditor: EULA LANE WASHINGTON-GRIMES-FORD is the

GRANDMOTHER of the Land Owner/Land for Crude Oil Lessor/Creditor/Plaintiff:

"JEROME L. GRIMES, B.A., & MBA, & PHD GRADUATE STUDENT".

3. The PLAINTIFF, Jerome L. Grimes "In Pro Se, Conveyed" the above-mentioned co-inheritance/ inheritance in **November 27, 2007**, in the State of Louisiana as mentioned-above (***See****:* Ancillary Succession - Conveyance Records of **2007** for the PLAINTIFF & PLAINTIFF'S CO-HEIRS/CO-OWNERS/CO-LESSORS/LAND FOR CRUDE OIL CO-LESSORS OF SUCCESSION in Claiborne Parish, City of Homer, State of Louisiana, 2nd Judicial District Court).

4. This certifies facts that entitles the PLAINTIFF and CO-HEIRS (the "PLAINTIFF") to his CO-INHERITED **1944**-Crude Oil Lease Contractual Agreement Federal Rights pursuant to his PLAINTIFF'S/LESSOR'S/OWNER'S/CREDITOR'S/JEROME L. GRIMES' "CO-INHERITED" **1944**-Ancillary Succession Conveyed Land Co-Ownership of **600+** Acres of Parcel of Land of which *'only'* **320**-Acres are government regulated by federal law restrictions limiting Land Usage for Crude Oil Exploration to be **320**-Acres as mentioned-above, as said situated in the City of Homer, in Claiborne Parish, identified as the: Antioch Cotton Valley Formation in the State of Louisiana under the *"only"* VALID Lessees'-Lessors' Contractual Crude Oil Exploration Agreement of **1944-Year** ever written by Original **1944**-Lessor/Land for Crude Oil Lessor/Creditor: ALMER WASHINGTON/ (DECEDENT), and identified HEREIN as the: **1944**-*Crude Oil Exploration Contractual Land Lease Agreement* of the **1944-Year** (i.e., time period) entered into by The Most Honorable Land for Crude Oil Lessor/Land Owner/Creditor: ALMER WASHINGTON/(DECEDENT) for the Most Honorable *ESTATE of:* **"FRANK WASHINGTON**/(FATHER to Almer Washington) **& ALMER WASHINGTON/** (SON of Frank Washington)**"**/(DECEDENTS) with a **1944**-Federal Law Valuation of a mutually agreed amount of: **8%** (Eight Percent) of the Net Profits of the Lessee's Crude Oil Production pursuant to the above-mentioned *"binding"* **1944**-Crude Oil Exploration Contractual Agreement Lease mutually entered into in the Year: **1944** by the *Land for Crude Oil Lessor/Land Owner/Creditor:* ALMER WASHINGTON/(DECEDENT) -with- the *Crude Oil Exploration*

***Lessee/Crude Oil Exploration Rig Owner:*** STANDARD OIL COMPANY-(Shreveport, Louisiana) Business Relationship.

5. The 'only' and *"binding"* Original **1944**-Crude Oil Exploration Contractual Agreement Lease mutually entered into "between" The Most Honorable LAND OWNER/LAND FOR CRUDE OIL LESSOR/CREDITOR, **ALMER WASHINGTON**/(DECEDENT) -and- The Most Honorable CRUDE OIL EXPLORATION RIG OWNER/CRUDE OIL EXPLORATION LESSEE, **STANDARD OIL COMPANY of (Shreveport, Louisiana)(***See***: 1944**-inside-jobbers *aka*: Anti-American Employees' W-2 Forms & Notary Public *"Co-shills"* of *1944*-Year, discovered through In Pro Se, Independent Investigation), **a crude oil exploration corporation for-profit** which TRANSFERRED/LEASED their leased entitlement of the above-mentioned **1944**-Crude Oil- Exploration Contractual Agreement Lessee Title Ownership/Rights agreed in **1944**, to other separate Crude Oil Exploration Rig Owners and/or Crude Oil Exploration Investment Companies in the State of Louisiana which occurred Again and Again by those succeeding Crude Oil Exploration Rig Owners and/or Crude Oil Exploration Investment Companies in the State of Louisiana throughout many additional succeeding years: (e.g., "**1954**-Year: Citco Corporation"; "**1964**-Year: BP Corporation"; and "**2004**-Year: Tellus Operating Group, LLC.,") all participated in the **multiple times** equal to one another but separately in their individual corporate capacities' TRANSFERRED/LEASED/SOLD *"their"* in *"their separate"* time *span(s) (i.e.,* different years*)* official capacities of the said **1944**-Crude Oil Exploration Lessee Title Rights Contractual Agreement COPY **"WITHOUT"** a "NEW" Crude Oil Lessor-Lessee Contractual Agreement ever being drafted, entered, or contractually agreed to between the multiple succeeding HEIRS/CP-HEIRS/LAND CO-OWNERS/LAND FOR CRUDE OIL CO-LESSORS/CO-CREDITORS (the "PLAINTIFF")(the "CREDITOR") with **2007**-Conveyed Heirship of Successions Rights to the Co-inherited **ESTATE of: (DECEDENTS)** <u>**FRANK WASHINGTON**/(LAND CO-OWNER) & **ALMER WASHINGTON**/(LAND CO-OWNER/**1944**-LAND FOR CRUDE OIL LESSORS</u> at a time preceded in physical death by Land Co-owner FRANK WASHINGTON before **1944**/(DECEDENT).

6.                                  PARTIES

7. PLAINTIFF, Jerome L. Grimes, B.A., & MBA, & PhD Doctoral Graduate Student (*On 'optional time span' Temporary Leave*) is a natural person and American citizen residing in the State of Florida, with the *"future"* INTENT to reside in the State of Louisiana on the PLAINTIFF'S premises (i.e., Co-inherited) multi-jurisdiction residence *"after"* the PLAINTIFF'S temporary financial hardship subsides and/or *"after"* PLAINTIFF transfers his voter rights from the State of Florida to the State of Louisiana. He may be served while a PhD Graduate Student at his In Pro Se, TEMPORARY Mailing Address: listed above as Visitor Status in the State of California. And In Pro Se, PLAINTIFF has a PACER.gov Account in the event of any *"future"* Mail Return-To-The-Court Issues.

8. PLAINTIFF is attempting to get a "NEW" Present Day-**2021 - 2023**- *"Binding"* VALID Lessees'-Lessors' Land Owner Contractual Crude Oil Exploration Creditor Agreement in the **STATE OF LOUISIANA** under Diversity Litigant Jurisdiction CURRENTLY Registered to VOTE in the State of Louisiana, with a VALID State of Florida Drivers License on student status (i.e., *On 'optional time span' Temporary Leave*) due to GRAND THEFT of GradPlus LOANS & INTIMIDATION via GradPlus PhD School Loans GRAND THEFT & Illegal LULLED from Leaving the State of California via Light Rail Metrolink Traffic Citation in Los Angeles County in-pendency Court Date) (**SEE**: State Case #: **D414610** (e.g., Intimidation without force and fear against the PLAINTIFF'S 6th & 9th Amendments Rights, U.S Constitution, & Title **IX** of the Civil Rights Act of **1964**, GradPlus Federal Assistance Financial Aid RENT & Off-campus ONLINE PhD Doctoral Graduate Student Tuition LOAN Funds GRAND THEFT), and by NCU (Northcentral University's) inside-jobbers in staffers disguises (**_SEE:_** Civil Case #: **3:22-cv-1321**).

9. DEFENDANT, Arapahoe, SPV, LLC., was and continues to be a for-profit organization incorporated under multi-jurisdictions (e.g., Delaware State Law). This HEREIN Tort arises on a Federal Law Cause of Action that is that occurred and would continue to occur on the PLAINTIFF'S premises and soil in the State of Louisiana, City of Homer, Claiborne Parrish.

10. ARAPAHOE, SPV, LLC., is organized and existing under the laws of the State of Delaware (Duty of Good Faith Delaware law doctrine; Delaware Code section **144** & section **391** -General Corporation law of the State of Delaware).

11. ARAPAHOE, SPV, LLC., (the "DEFENDANT") received taxable U. S. Dollars from Crude Oil Exploration & Production obtained from the private property owned by the JEROME L. GRIMES (the "PLAINTIFF") co-inherited and who is considered a creditor, making the DEFENDANT therefore subject to Federal Antitrust Laws and/or Delaware Constitution, Sections: **144** & **391**, as well as in-jury in-fact breach of fiduciary duties to compensate the PLAINTIFF for the Fair Market Value of Crude Oil Explored, Produced, and Sold that was and is obtained from the PLAINTIFF'S personal private property co-inherited LAND in the City of Homer, State of Louisiana under the "only existent" **1944**-Crude Oil Exploration Lessee And Lessor Contractual Agreement (*SEE:* Ancillary of Succession Records CONVEYED in **2007**-Year but covert intimidation has LULLED the Fair But Equal Civil Contractual Agreement meeting of the minds between PLAINTIFF and DEFENDANT for a "NEW" Lessee-Lessor Crude Oil Exploration Contractual Agreement for **2021**; & **2022**; & **2023**-Years).

12.                                   JURISDICTION AND VENUE

13. This action is brought pursuant to  Antitrust Undervaluation of Crude Oil Payments; Trespass to Chattel in the Form of Crude Oil Payments, and/or Minerals, Crude Oil, Sulpher, and Natural Gas Payments; Breach of Fiduciary Duties; 28 U.S.C. § - 1391(b)(2). laws of the State of Delaware (Duty of Good Faith Delaware law doctrine; Delaware Code section **391** & section **144** -General Corporation Law of the State of Delaware), forbidding for-profit corporations (*STARE DECISIS*) from PRICE DISCRIMINATION (i.e., Federal Clayton Antitrust Act of 1914 Law Violations) in the prices, services, and allowances in dealing between merchants (e.g., creditors; landowners; & lessors), and expanded power of private parties to sue for discriminatory predatory pricing, very much in the same way as another case entitled: *Henry  -v.-  A. B. Dick & Co.*, (1912) Congress later believed that A. B. Dick used "business arrangements" to expand one monopoly into two, as it is in this HEREIN Tort *Grimes  -v.-*

_Arapahoe_, the DEFENDANT explored, produced, and sold Crude Oil from land belonging to the

PLAINTIFF (the "Creditor & Lessor") and illegally KEPT the MONETARY UNITS belonging and

mutually agreed to be DUE Accounts Payable to the PLAINTIFF, creating an illegal monopoly of an

antedated scenario of BOTH Defendant as CREDITOR/LESSOR and LESSEE/DEBTOR in clear

violation of Federal Antitrust Laws, discovered through In Pro Se, Independent Investigation.

(_Haines -v.- Kerner_, 404 U.S. 519, 520-21, **1972**).

14. PLAINTIFF further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §

1367(a) to hear and decide all claims arising under Delaware law that are so related to the claims within

the original jurisdiction of this Court that they form part of the same case or controversy (_Butler -v.-_

_Kempthrone_, 532 F.3d 1108, 1110 (10th Cir. 2008): Plaintiff's burden to allege facts that demonstrate

the case falls within the Court's limited jurisdiction. And the In Pro Se, PLAINTIFF asserts that:

15. The events giving rise to PLAINTIFF'S Complaint occurred in the United States of America,

NEGLIGENCE is established when one person owes a duty to another person even if there is no

contract between them. In this HEREIN case-by-case:

## **Standard of Review**

**Negligence:** is established when one person owes a duty to another person even if there is

no contract between them. In this HEREIN case _Jerome L. Grimes -vs- ARAPAHOE SPV, LLC.,_

there is a VALID "binding" **1944 Crude Oil Lease Contractual Agreement** that was

"established" between the PLAINTIFF and DEFENDANT through Inherited **1944** Crude Oil

Lease Contractual Agreement "transferred/leased" to the DEFENDANT/(LESSEE)/(DEBTOR)

through business for profit rules and regulations from Tellus Operating Group, LLC., which

automatically "transferred/leased" DUTY of CARE, and this said inherited **1944** Crude Oil

Lease Contractual Agreement was "established" through Anti-trust Valuation of Crude Oil

Royalties Laws, Rules, and Regulations, and State of Louisiana ancillary succession laws,

rules, and regulations, discovered through In Pro Se, Independent Investigation (F.R.C.P. **33**

& **34**).

### Four elements are required to establish a prima facie case of negligence:

1. the existence of a legal duty that the **Defendant** owed to the PLAINTIFF (*emphasis added*).

2. **Defendant's** breach of that duty of care makes tort ripe (*emphasis added*).

3. PLAINTIFF'S sufferance of an injury (*emphasis added*).

4. proof that **defendant's** breach of duty of care caused the injury (typically defined through proximate cause)(*emphasis added*).

16.. The **defendant's** duty of care to a **1944 Crude Oil Lease Contractual Agreement**

LESSOR'S/(PLAINTIFF'S)/(Land Owner's)/(Co-heirs')/(CREDITOR'S) substantial

constitutional rights to the "**1944** agreed to" (8%) Eight Percent in the "binding" **1944**

Crude Oil Exploration Lessee/Lessor Contractual Agreement **still enforceable** under the

Anti-trust Undervaluation of Crude Oil Royalty Rights Laws, and State of Louisiana

"heirship/ownership conveyance" through Ancillary Succession, **November 27, 2007**.

"*Heaven v. Pender*, CA ((1883) 11 QBD 503, 52 LJQB 702, 49 LT 357, 47 JP 709) has no

bearing upon the present question.  That case established that, under certain

circumstances, one man may owe a duty to another even though there is no contract

between them.  If one man is near to another, or is near to the property of another, a

duty lies upon him not to do that which may cause a personal injury to that other, or may injure his property."

### Judgment in *Heaven v. Pender*

The Court of Appeal had to ask what is the proper definition of a relation between two parties, where it is not established by contract, which imposes on one of them a duty to observe such ordinary care or skill as may be necessary to prevent injury.

Two of the judges concluded that the defendant owed a duty of care as an owner of the land to the plaintiff, an invitee. The plaintiff was an invitee because the defendant had an interest in his work. Therefore, he could not be a volunteer *Heaven v. Pender*, CA ((1883) 11 QBD 503*)*.

**Financial Fraud:** Bank fraud:  A fine of up to $1,000,000 and/or a **prison** sentence of up to 30 years.  Mail and wire fraud:  Both carry a maximum **prison** sentence of up to 20 years.

If the scheme also involved a bank, the potential fine increases to up to $100,000: [18 U.S.C., Section 3553 (a)].  This is **"not"** a count charged in this HEREIN civil matter, just mentioned for reasonableness in the defendants'/lessee's/debtor's vicarious liability.

**Trespass to Chattel:**  Refers to a wrongful use of another person's property without his or her permission.  Trespass to Chattel is an intentional interference with another person's lawful possession of a personal property.  A "chattel" refers to any personal property, moving or unmoving.  In order to prove trespass to chattels, you are required to show the following elements:

- Intent to trespass: Merely intending to do the act is enough to show this element of trespass.  You don't necessarily need to show intent to harm a specific person.

- Lack of owner's consent:  There must be an unauthorized, unlawful interference, which means the person interfered with or dispossessed the chattel (OIL MONETARY ROYALTIES) without the owner's permission.
- Interference of chattels:  A person commits a trespass to chattel by (1) dispossessing another of the chattel (OIL MONETARY ROYALTIES), (2) using or intermeddling with a chattel in the possession of another, or (3) damaging the chattel.  Interference does include dispossession of a chattel.

17.   The defendant's trespass to chattel/(8% oil monetary royalties) HEREIN cost the plaintiff/(LESSOR) and the plaintiff's co-heirs/(LESSORS) **much more than $16,000.00** worth of crude oil royalties per MONTH over a (12) Twelve MONTHS duration, from:  "Oil Pumps Ownership Consummated, i.e., **1944** Crude Oil Exploration LEASE/TRANSFER" of:  **July 20, 2020** -to- **June 12, 2021**, Date today (DOC. **263**, **07/20/2020**, Bankruptcy Petition #:  **19-50596**, U.S. Dist. Ct., W. La.).   **"AFTER"** the **EX-LESSEES'** "Filing"

for Bankruptcy, which is estimated to be in the amount of:  **$192,000.00** (One Hundred And Ninety-two Thousand Dollars) since that said (12) Twelve MONTHS period, amounting

to supervisory negligence, while doing foreign for-profit business as ARAPAHOE SPV, LLC., *Stare Decisis common law jurisprudence duty to care for its LESSOR(S)/(PLAINTIFF)/(LAND-OWNER(S)/CREDITOR(S) that could amount to, unfair billing practices or identity theft type fraud against the said (LESSOR)/PLAINTIFF/(OWNER)/(Co-heir)/(CREDITOR),*

*JEROME L. GRIMES, B.A., & MBA, which could be similar to Grand THEFT by defendant's  .*
*lack of duty of care and vicarious liability to fail the duty of care and adherence to the*

*ONLY authentic, producible, and "binding" **1944** Crude Oil Lease Contractual Agreement in*

*existence BETWEEN the PLAINTIFF/LESSOR/OWNER/LESSOR(S)/(Co-heirs)/CREDITOR(S)*

*and the DEFENDANT/LESSEE(S)/DEBTOR(S) for the Federal Crude Oil Valuation Laws and*

*Rules of **8%** Crude Oil (Exploration) Lease Contractual Agreement of that Time in **1944***

*(F.R.C.P., Rules: **33** and **34**). (**See:** INTIMIDATION).*

18.  The PLAINTIFF/(LESSOR)/(OWNER)/(Co-heirs)/(CREDITOR)  also asserts that the

evidence of a substantial fundamental financial amount of valuable **loss and damage to**

**the 8% MONTHLY Crude Oil Royalties belonging to the PLAINTIFF/(LESSOR)/(LAND-**

**OWNER)/ (Co-heirs)/(CREDITOR) and CO-HEIRS/(Fellow LESSORS)/(LAND-**

**OWNERS)(Fellow CREDITORS) are due to the DEFENDANT'S/(LESSEE'S)/(DEBTOR'S)  Anti-**

**trust Undervaluation of Crude Oil & Crude Oil Royalties and Minerals Payments in the**

**above said MONTHLY Amount of:  $16,000.00 (Sixteen Thousand Dollars) of a typical**

**$200,000.00 (Two Hundred Thousand Dollars) Gross Revenue MONTH, and/or (8%)**

**EIGHT PERCENT of a TYPICAL MONTH of Gross Crude Oil Revenues "produced" on the**

**PLAINTIFFF'S/LESSOR'S "Inherited" LAND PARCEL, i.e., "PLAINTIFF'S/(LESSOR'S)/(LAND-**

**OWNER'S)/(Co-heir's)/(CREDITOR'S) and CO-HEIRS'/(Fellow LESSORS')/(LAND-**

**OWNERS')(Fellow CREDITORS') "Inherited" LAND PARCEL".**

DEFENDANT/(LESSEE)/(DEBTOR) is vicariously liable for the NON-PAYMENTS for said MONTHLY Amount owed to the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Coheir)/(CREDITOR) and owed to the CO-HEIRS/(Fellow LESSORS)/(LAND OWNERS)(Fellow CREDITORS), who are entitled to since: July 20, 2020, i.e., (8%) EIGHT PERCENT Share of  DEFENDANT'S

MONTHLY Gross Oil Exploration Revenues via the above-mentioned "Inherited" 1944 Crude Oil Lease Contractual Agreement with the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heir)/ (CREDITOR) and the CO-HEIRS/ (Fellow LESSORS)/(LAND-OWNERS)(Fellow CREDITORS) via GRANDPARENT/GREAT-GRANDPARENT ANCILLARY SUCCESSIONS in the State of Louisiana, Claiborne Parish, City of Homer ANCILLARY SUCCESSION titles: The ESTATE of: *ALMER WASHINGTON (DECEDENT)*, aka: The ESTATE of: EULA LANE WASHINGTON-GRIMES-FORD (DECEDENT) "AND" the LESSEE(S) and LESSEE/DEFENDANT/DEBTOR, ARAPAHOE SPV, LLC., since Consummated on, July 20, 2020, by/and BETWEEN the DEFENDANT/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., -and- the EX-LESSEES/ (DEBTORS)/BANKRUPTCY PETITIONER, MONTEREY RESOURCES, LLC., et., al. (DOC. 263, Petition No.: 19-50596). And it is a known FACT that "There Could Be NO Crude Oil Explored -Or- Crude Oil Produced WITHOUT The PLAINTIFF'S/LESSOR'S/(LANDOWNER'S)/(FELLOW LESSORS')/(LANDOWNERS')/ (Co-heirs')/(CREDITORS') "CONSENT", i.e., "1944 Crude Oil Lease Contractual Agreement

**TRANSFERRED/LEASED by (the "Previous" LESSEES) LESSEE/LESSEES, MONTEREY**

**RESOURCES, LLC., et., al., and TRANSFERRED/LEASED to the DEFENDANT/LESSEE/**

**(DEBTOR), i.e., (the "Current") LESSEE, ARAPAHOE SPV, LLC., "all" doing business as:**

**Crude *Oil Exploration Businesses For-profits "ONLY" with the 1944 CONSENT &***

***"BINDING" 1944 Crude Oil Lease Contractual Agreement "co-inherited" with***

***"2007 CONVEYED HEIRSHIP RIGHTS to Crude Oil & Minerals Royalties Monetary***

***Payments MONTHLY" belongings of the* PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heir)/**

**(CREDITOR) and CO-HEIRS/(Fellow LESSORS)/(LAND OWNERS)(Fellow CREDITORS) *in the***

***TODAY Monthly monetary units amount of:  $16,000.00* (Sixteen Thousand Dollars) of:**

**-or- (8%) EIGHT PERCENT of:  the DEFENDANT'S/(LESSEE'S)/DEBTOR'S MONTHLY GROSS**

**REVENUES.**  The PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heir)/(CREDITOR), identifies an

approximate annual monetary unit Sum amount of:  **$192,000.00** (One Hundred And

Ninety-two Thousand Dollars) Crude Oil Royalties Payments for a (12) Twelve MONTHS

Period, pursuant to the **8%** of gross revenues **1944 Year** federal anti-discrimination laws

and federal acts enacted for protecting lessors, land owners, creditors, and individuals,

including but not limited to the protection of the lessors', land owners', creditors', and

individuals' land rights and land ownership from loss through non-payment of taxes as a

clause within the **1940's** crude oil lease contractual agreements, rules, and laws that the

above-mentioned **1944** Crude Oil Lease Contractual Agreements were based on,

**discovered through** In Pro Se, Independent Investigation under Federal Rules of Civil

Procedure, Rules: **33** & **34**.

**Intimidation**

19. The plaintiff also asserts that there was a City and County of San Francisco,

California Probate Court Matter (Case Number: **PES-12-295916**) involving INHERITANCE of

a **$660,000.00** (Six Hundred And Sixty Thousand Dollar Home) situated at: *263 Vernon*

*Street, San Francisco, California 94132*, *belonging to the PLAINTIFF/(LESSOR)/*

*(OWNER)/(Co-heir)/CREDITOR, JEROME L. GRIMES, B.A., & MBA, and* a City of Torrance,

County of Los Angeles, California Probate Court Matter (Case Number: **YP000086**)

involving INHERITANCE of a **$180,000.00** (One Hundred And Eighty Thousand Dollar  Home)

situated at: *2904 W. 129th Street, Gardena, California 90249*, *belonging to the*

*(Co-heir)/(LESSOR)/(OWNER)/(CREDITOR), **ARTEMIS FORD-SWINGLER** (Decedent)*

*aka: **MECEE**, discovered through In Pro Se, Independent Investigation to be*

*clear PERTINENT, MATERIAL, and RELEVANT EVIDENCE to the above mentioned*

*INTIMIDATION of this HEREIN Tort and CONCEALED COVERT FOULPLAY "against" CO-*

*HEIR/(LESSOR)/CREDITOR/LAND OWNER: The Most Honorable, "Mecee", **aka**: "ARTEMIS*

*FORD-SWINGLER/(DECEDENT: 12/21/2019)" rights to representation 9th Amendment Rights,*     .

U. S. Constitution.

AND including but not limited to the INTIMIDATION (i.e., CONCEALED COVERT FOUL-PLAY) **"against"** CO-HEIRS/LESSORS/CREDITORS/LAND OWNERS: The Most Honorable, "RUFUS AND LUCY GRIMES/(Decedents: **Rufus-11/27/2002** & **Lucy-07/21/2012**) Rights to Representation, 9[th] Amendment Rights, "Right To Access To The Courts Without Intimidation", U. S. Constitution (*emphasis added*). The PLAINTIFF is "not" alleging that the above-mentioned DEFENDANT committed the above-mentioned CONCEALED COVERT FOUL-PLAY **"against"** the CO-HEIRS/3-CRUDE OIL LESSORS/3-CREDITORS/3-LAND OWNERS mentioned-above (e.g., {1}-Artemis Ford-Swinglers; & {2}-Rufus & {3}-Lucy Grimes), but instead to appease the Court and DEFENDANT of the Civil Antitrust Law Remedy to make a NEW & CURRENT Crude Oil Lessee – Lessor Binding Contractual Agreement for the **2021 -to- Present**-DEFENDANT'S Crude Oil Exploration, Production, and DIESEL Truck TRANSPORTATION *"Current-Succeeded"* Operations on the PLAINTIFF'S LAND (e.g., CO-OWNED By CO-HEIRS; & PREMISES), currently still under the **1944**-Federal Laws and "only" VALID Crude Oil Lessee – Lessor Contractual Agreement in existence, binding, and controlling the DEFENDANT'S *"Current-Succeeded"* Crude Oil Exploration, Production, and DIESEL Truck TRANSPORTATION Company's Operations (i.e., Arapahoe, SPV, LLC, via Sub-contractor: Brammer Engineering, Inc.), Lessee on the PLAINTIFF'S Co-inherited LAND situated in the State of Louisiana, Claiborne Parish, City of Homer.

20.     The Lie Detector Test That Does Not Work-off Of Stress is warranted and applicable for the above-mentioned prime suspects and **covert shills/look-a-likes *"against"* Co-heir, DIANA GRIMES-STARNES** (LESSOR)/(OWNER)/(CREDITOR) in this International Crude Oil Anti-Trust Undervaluation of Crude Oil Tort Matter, discovered through In Pro Se, Independent Investigation (**SEE:** *https://youtu.be/H4B8407RVV0*).   DNA  MOUTHSWAB

21.  **Intimidation:**  is established by 18 USC 3553, 28 USC 994 when the entity/entities

under color of authorized employees "STEAL" the plaintiff's/LESSOR(S') crude oil royalties,

oil royalty payments, or oil & mineral funds belonging to the:

PLAINTIFF/(LESSOR)/LESSOR(S)/(Co-heirs)/(CREDITOR) with or without an *"escheated to*

*the State rouse"* to covertly "Intimidate" the HEREIN civil complaint FILING **FEES**, Tort

Prosecution, or Discovery (F.R.C.P., Rule: **33** & **34**), or which the entity/entities Illegally,

coincidentally, or inadvertently LULLED their notices to LESSOR/LESSORS.  This

abovementioned 18 USC 3553 is **"NOT"** a Count for this HEREIN tort FILING, but is

mentioned as a reference to the unreasonableness of the

DEFENDANT'S/(LESSEE'S)/DEBTOR'S omissions, inactions, and anti-trust undervaluation of

crude oil royalties payments to the PLAINTIFF/(LESSOR)/(OWNER)/ (Co-heir)/CREDITOR

under *Stare Decisis* diversity jurisdiction civil Laws and Acts identified below.

### Federal Laws and Federal Acts

22. **Section 1 of the Sherman Anti-Trust Act of 1890:** Prohibiting contracts, combinations,

and conspiracies in restraint of trade.

23. **Section 2 of the Clayton Anti-trust Act of 1914**: Prohibits price discrimination that would

lessen competition.

24. **California Cartwright Act of 1914:**  Prohibits price discrimination or using different

prices to different buyers for comparable goods.

25. **Section 4 of the Clayton Anti-trust Act of 1914**: Allows the recovery of damages by

"any person injured in his business or property by reason of anything forbidden in the antitrust laws".

26. **Clayton Anti-trust Act of 1914**: Amended by the Robinson-Patman act of **1936** also bans certain discriminatory prices, services, and allowances in dealings between merchants.

27. **Robinson-Patman Act of 1936:** The amendment made more enforceable Section 2 of the Clayton Anti-trust Act of **1914** which pertains to price and other forms of discrimination among customers.

28. Interstate and Intrastate Statute's, Federal Laws', and Federal Act's *stated purposes are*: To eliminate and outlawed monopolistic business practices such as undervaluation of crude oil royalties, crude oil revenues, and crude oil royalties payments.  The Federal Act(s) creates guidelines under which businesses may conduct business, defines rights of consumers involved with price discrimination, and prescribes penalties and remedies for violations of the Federal Act(s).  It is sometimes used in conjunction with the Fair Credit Reporting Act.

29. The Co-defendant, Monterey Resources, LLC.'s Bankruptcy Petition Number: **19-50596**, supports the PLAINTIFF'S/(LESSOR'S)/(OWNER'S)/(Co-heir's)/(CREDITOR), Jerome L. Grimes, B.A., & MBA's CLAIM of Operating Expenses "not" PAID to the PLAINTIFF/(LESSOR)/OWNER/(Co-heir)/CREDITOR, IDENTIFIED herein        as: JEROME    L.    GRIMES,    B.A., &    MBA, "nor" PAID to    the PLAINTIFF'S/LESSOR'S/(OWNER'S)/(Co-heir's) and the CO-HEIRS', i.e., FELLOW LESSORS'

"separate but equal" PERCENTAGE SHARE of the SOUGHT **$16,000.00** MONTHLY -OR- (8%)

EIGHT PERCENT "MONTHLY" Crude Oil Royalties of DEFENDANT'S/(DEBTOR'S)/(LESSEE'S)

Crude Oil Exploration and Production **Gross Revenue** projected based on the **2020** and **2021**

First Quarter Crude Oil Production Gross Revenues "earned".  The rational is that the

PLAINTIFF'S/LESSOR(S')/OWNER'S/(Co-heirs') **"Inherited Land"** since the year **1944** and

the "BINDING" **1944** Crude Oil Lease Contractual Agreement still "in-effect" TODAY is the

"ONLY" way that Crude Oil Production and Crude Oil Revenue can be **"produced for the**

**international world trade market"** by the DEFENDANT/(LESSEE)/(DEBTOR), which is the

logical and reasonable grounds for the PLAINTIFF'S **"tort demand"** of (8%) EIGHT PERCENT

of the GROSS MONTHLY REVENUES "which are" the DEFENDANT'S/(LESSEE'S)/(DEBTOR'S)

"accounting cost to do business EXPENSE" incurred MONTHLY by the

DEFENDANT/(LESSEE)/DEBTOR still "in-effect" TODAY and DUE TO BE PAID TO THE

PLAINTIFF/LESSOR(S)/OWNERS/(CO-HEIRS)/(CREDITOR) collectively but separately

distributed Duty of Care to the PLAINTIFF/(LESSOR)/(Co-heir)/CREDITOR and to be

distributed Duty of Care to the COHEIRS/(LESSORS) AFTER verification by the DEFENDANT/

(LESSEE)/(DEBTOR) as an Operating EXPENSE for the DEFENDANT'S Business as an (**8%**)

EIGHT PERCENT of GROSS REVENUE Duty of Care to be **"DISTRIBUTED TO" and "SHARED**

**BY"** the PLAINTIFF/(LESSOR)/OWNER(S)/(CO-HEIRS)/LESSORS, pursuant to the VALID **1944**

Crude Oil Lease Contractual Agreement between the PLAINTIFF HEIRSHIP *"CONVEYED"*,

**NOVEMBER 27, 2007**, 9th Amendment Rights, "Rights To Access To The Courts With

Representation Without Intimidation Or Discrimination", U.S. Constitution, supported by The Clayton Anti-trust Act of 1914.

30. Defendant, ARAPAHOE SPV, LLC., had the Duty of Care owed to the PLAINTIFF/LESSOR(S)/LAND OWNER/(Co-heir)/(CREDITOR) for the DEFENDANT/(LESSEE)/(DEBTOR) to prevent ARAPAHOE SPV, LLC.'s, Employees' THEFT, TRESPASS TO CHATTEL, and FRAUD against the PLAINTIFF/LESSOR(S)/OWNER(S)/(CO-HEIRS)/(CREDITOR),        pursuant to an indefinite part of doing business by preventing NEGLIGENCE and/or Supervisory Negligence (**Clayton Anti-Trust Act of 1914**).

31.                                 **Fraud**

1.     Although   fraud   arises   in   countless situations and is difficult to define, the legal community has generally adopted the following elements, each of which must be proved: (1) Misrepresentation of a material fact. (2) The misrepresentation   was   intentional.   (3)   The injured   party   justifiably   relied   on   the misrepresentation. (4) Injury resulted.

2.     One     **example**     **of**     **procedural** **unconscionability** is the use of "fine print" in stating a contractual provision. A contract of

adhesion is one that the courts will always enforce because of the strong public policy underlying such contract. Courts provide remedy for the breach of illegal agreements.

32. A contract is most likely to be found **unconscionable** if both unfair bargaining and unfair substantive terms are shown. An absence of meaningful choice by the disadvantaged party is often used to **prove** unfair bargaining, i.e., **if** absence of a <u>**1944**</u> Crude Oil Lease Contractual Agreement with (<u>**8%**</u>) EIGHT PÈRCENT Standard Issue for <u>**1944**</u> Year Ancillary Succession LESSOR(S) LESSEE(S) BINDING CONTRACTUAL AGREEMENTS without the DEFENDANT'S/(LESSEE'S)/DEBTOR'S crude oil exploration & production price discrimination, the DEFENDANT'S/(LESSEE'S)/ DEBTOR'S crude oil exploration royalties payments intimidation, and the DEFENDANT'S/(LESSEE'S)/DEBTOR'S anti-trust undervaluation of crude oil against PLAINTIFF/LESSOR(S)/LAND OWNER/(Co-heirs)/ CREDITOR occurs in violation of: <u>The Clayton Anti-trust Act of 1914</u>.

33. The grounds for which the In Pro Se, Plaintiff, Jerome L. Grimes, B.A., & MBA, (LESSOR)/(OWNER)/(LAND OWNER)/(Co-heir)/(CREDITOR) asserts are the exact same **binding** contractually agreed rights in the above-mentioned <u>**1944**</u> Year Crude Oil Lease Contractual Agreement "in-effect" and VALID *still* TODAY and NEVER renewed by the parties as the TRANSFERED/LEASED TO OTHER SEPARATE BUT EQUAL OIL EXPLORATION COMPANIES/(DEBITORS)/(LESSEE(S)) of the PLAINTIFF'S/(LESSOR'S)/LAND OWNER(S')/

LESSOR(S')/(Co-heirs')/(CREDITOR'S) **1944** Crude Oil Lease Contractual Agreement under

the Federal Laws and Federal Acts *"still"* hold TRUE and BINDING on all HEREIN parties, i.e.,

PLAINTIFF/LESSOR(S)/(LAND OWNER)/(Co-heirs)/(CREDITOR) and

DEFENDANT(S)/LESSEE(S)/(DEBTORS) "UNLESS" such VALID **1944** Crude Oil Lease

Contractual Agreement for the ESTATE of:  (DECEDENT), The Most Honorable, "**ALMER**

**WASHINGTON (LESSOR/OWNER)/**_(DECEDENT:(11/25/1943) aka: 1944_", would prejudice or

disadvantage another financially or constitutionally per the federal laws and federal acts

mentioned above (F.R.C.P. **33**).

34.  The PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-Heir)/(CREDITOR)

Jerome L. Grimes, B.A., & MBA, on, **November 12, 2019**, STATEMENT ITEMIZING OTHER

CHARGES AND ANNUAL FEES, but the MATH was per TRANSFEREES/(EX-LESSEES),

MONTEREY RESOURCES, LLC., et., al., Chapter 11 Bankruptcy Court, i.e., MONTHLY

OPERATING REPORT, in Bankruptcy Petition Number: **19-50596**, which consisted of the

REQUIRED REPORTS/DOCUMENTS:  *Comparative Balance Sheet (FORM 2-B); Profit and*

*Loss Statement (FORM 2-C); Cash Receipts & Disbursement Statement (FORM 2-D);*

*Supporting Schedules (FORM 2-E); and Narrative (FORM 2-F), as well as Copies of*

*Bank Statements and Reconciliation of Bank Balance -to- Book Balance for all Accounts*,

For Period: **July 01, 2019 -to- July 31, 2019**, Prepared by:  Robert A. Imel, Monterey

Resources, LLC.'s President, i.e., Proprietor, Telephone Number:  (214) 763-3058,

John M. Shaw U.S. Courthouse, U.S. District Court, Western District of Louisiana (Lafayette),

Bankruptcy Division, Bankruptcy Petition Number: **19-50596**.

COUNT I

DECLARATORY RELIEF REGARDING NEGLIGENCE AND VICARIOUS LIABILITY

35. The Plaintiffs reallege and reaver the allegations contained in paragraphs 1A

-THROUGH- 28A above.

36. This is an action for declaratory relief against Arapahoe SPV, LLC., pursuant to 28

U.S.C. Personal Property Tort Other Fraud, identified as 370 on the Civil Cover Sheet JS44

Form. Beyond a question of law and fact common to the claim of the representative parties,

i.e., defendants are liable for the Crude Oil Royalties Payments Due MONTHLY As

PLAINTIFF'S/LESSOR'S/(OWNER'S)/(Co-heir's)/(CREDITOR'S), i.e., Jerome L. Grimes'

ACCOUNTS RECEIVABLES of **His/(LESSOR)/(CREDITOR)/(PLAINTIFF, Jerome's) INDIVIDUAL**

**PERCENTAGE SHARE** (**1/4%**) One-fourth Percent of (**1/8%**) One-eighth Percent of the (**8%**)

EIGHT PERCENT of the DEFENDANT/(LESSEE)/(DEBTOR), ARAPAHOE SPV, LLC.'s, MONTHLY

GROSS REVENUES from Crude Oil Exploration And Productions on the

PLAINTIFF/(LESSOR)/(OWNER)/(Co-heir)/CREDITOR, Jerome L. Grimes' LAND/PARCEL/

Co-inherited (320) Three Hundred And Twenty Acres -of- (600+) Six Hundred plus Acres

Estate mentioned-above, identified as The ESTATE of: **ALMER WASHINGTON** (DECEDENT),

i.e., The ESTATE of: **EULA LANE WASHINGTON-GRIMES-FORD** (DECEDENT) **"CONVEYED"**,

**November 27, 2007**, Homer, Louisiana, Second Judicial District Court, Claiborne Parish,

State of Louisiana. **Currently** the PLAINTIFF/(LESSOR)/OWNER/(Co-heir)/(Fellow Inherited

CREDITORS) have had to SPLIT LESS THAN (**.50% -of- 1%**) Half of One Percent amounting to

a SUM Total of: (**$999.00**) Nine Hundred And Ninety-nine Dollars And Zero Cents MONTHLY

which erroneously equals only (**$33.00**) Thirty-three Dollars And Zero Cents MONTHLY for

the PLAINTIFF/LESSOR/(OWNER)/(Co-heir)/(CREDITOR), Jerome L. Grimes, B.A., & MBA,

With "NO" Crude Oil Royalties Payments for MORE THAN (9+) Nine plus MONTHS in **2020**

Year, i.e., vicariously liable **annually** for lack of duty of care, intimidation, or undervaluation

of crude oil royalty payments, pursuant the LEASED/*TRANDFERED* **1944** Crude Oil Lease

Contractual Agreement *still in-effect* and "BINDING" on all parties HEREIN, i.e.,

LESSEE/DEBTOR/DEFENDANT/(OIL PUMPS OWNER)  and

LESSOR/CREDITOR/PLAINTIFF/(LAND OWNER) and LESSOR(S)/(CREDITORS)/(Co-heirs)/

LAND OWNER(S), which amounts to Anti-Trust Undervaluation of Crude Oil Royalty

Payments, Royalties, and/or Prices, known as negligence to duty of care to individual land

OWNER(S), crude oil exploration land LESSOR(S), and crude oil ROYALTIES Rights OWNER(S)

*Stare Decisis*:  trespass to the person when the defendants incorporated foreign for-profit

in Louisiana commits ABUSIVE ACTIONS, i.e., Non-payments of Crude Oil Royalties to the

PLAINTIFF/LESSOR/LAND OWNER/(CREDITOR)/Co-heirs and Fellow LESSORS. (*Letang  -v.-*

*Cooper*, 1 QB 232, EWCA Civ. 5, 2 Lloyd's Rep. 339, 2 All ER 929 (1964)).

## COUNT II

INDIVIDUAL CLAIM OF JEROME L. GRIMES AGAINST ARAPAHOE SPV, LLC., FOR FAILING TO PROVIDE

DUTY TO LESSOR/LAND OWNER(S)/(CREDITOR), I.E., GENERAL DUTY OF CARE

37.  The Plaintiff  JEROME L. GRIMES realleges and reavers the allegations contained in

paragraphs 1A  through 28A and 29A through 30A above as if fully set forth herein.

38.  This is federal law cause of action against ARAPAHOE SPV, LLC., pursuant to 28 U.S.C.

Other Personal Property Damage Tort, identified as 380 on the Civil Cover Sheet JS44 Form.

Beyond a question of law and fact common to the claim of the representative parties, i.e.,

DEFENDANT/LESSEE/(DEBTOR) is MANDATED by Federal Law in their "BINDING" **1944**

Crude  Oil  Lease  Contractual  Agreement  TRANSFERRED/LEASED  willfully  and  with

|EX-LESSEES|
aforethought from Tellus Operating Group, LLC.,  -to-  EX-LESSEES, Monterey Resources,

LLC., and Green Wheel, LLC., -to- DEFENDANT/LESSEE/(DEBTOR), ARAPAHOE SPV, LLC., to

do foreign for-profit business in the State of Louisiana with the PLAINTIFF/(LESSOR)/LAND

OWNER/(Co-heirs)/CREDITOR, including but not limited to the Fellow LESSORS/

(Co-heirs)/(Fellow CREDITORS), and provides other relief due to **SECURED DEBT**, i.e., the

"**BINDING**" "**1944** CRUDE OIL LEASE CONTRACTUAL AGREEMENT".  Supervisory negligence

of duty of care responsibilities and coverage to individuals, lessors, and creditors is *Stare*

*Decisis* jurisprudence of law when the DEFENDANT/LESSEE/DEBTOR, ARAPAHOE SPV, LLC.,

incorporated foreign for-profit in Louisiana and said **1944 Crude Oil Lease Contractual**

Agreement is ENTERED and BINDING pursuant the DEFENDANT'S/LESSEE'S/DEBTOR'S duty of care imposed by law DEFENDANT(S)/LESSEE(S)/DEBTORS had INTIMIDATED (*Rowland v.-Christian*, 9 Cal. 2d 108 (1968)).

39.  As a direct result of the negligence of the DEFENDANT/LESSEE/DEBTOR for which **1944** Crude Oil Lease Contractual Agreement provides coverage to lessors, land owners, creditors, and individuals *Stare Decisis* California has stated: "All persons are required to use ordinary care to prevent others being injured as the result of their conduct, i.e., intimidation of crude oil royalties payments, anti-trust undervaluation of crude oil prices or/and crude oil royalties payments, and crude oil and minerals royalties payments suppressed with a conscious effort". The PLAINTIFF/(LESSOR)/LAND OWNER/ (Co-heirs/(Fellow-heir)/CREDITOR, JEROME L. GRIMES, B.A., & MBA, and Co-LESSORS)/ (Fellow CREDITORS) has sustained injuries and damages as follows:  (a) past and future emotional pain and suffering; (b) loss of capacity of enjoyment of life without that substantial financial personal private property of value of **more than $16,000.00 MONTHLY** Accounts Receivables Co-inherited and co-inheritances WORTH at least **$192,000.00 annually** -or- (**8%**) EIGHT PERCENT of the Gross Revenue Produced in the DEFENDANT'S/LESSEE'S/DEBTOR'S    exploration for    crude oil    on    the PLAINTIFF'S/(LESSOR'S)/(LAND OWNER'S)/(Co-heir's) Inherited/(Co-Inherited) Land Parcel

"CONVEYED" on, **November 27, 2007**, Claiborne Parish, Homer, Louisiana; (c) expenses incurred to bring tort; and (d) the aforementioned losses are either permanent or continuing and PLAINTIFF/LESSOR/(LAND OWNER)/(Co-heirs)/CREDITOR will suffer losses in the future WITHOUT a **court order** to PAY the PLAINTIFF/(LESSOR)/(LAND OWNER)/ (Co-heirs)/(CREDITOR) in their individual capacities. The PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heirs)/(CREDITOR) hopes for a stipulation be **court ordered** for the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heirs)/(Co-owners)/(Fellow LESSORS)(Fellow-CREDITORS) to submit a ***DNA saliva sample*** to the PLAINTIFF/(LESSOR)/(LAND-OWNER)/(Co-heir)/(CREDITOR) in His/(Jerome's) individual capacity for *DNA Relationship Screening* "to PROVE identity for heirship", "to KEEP SECURE & STABLE the safety & welfare of co-heirs/LESSORS/(LAND OWNERS)", and "to PREVENT & DETECT criminal impersonation of Co-heirs/(LESSORS)/(LAND OWNERS) and of PLAINTIFF/(Co-heir)/(LESSOR)/(LAND OWNER), JEROME L. GRIMES, B.A., & MBA". Criminal Impersonation/(Look-A-Like) Trespass to Person is a known covert modus operandi against heirships, inheritances, land ownership, and LAND ESTATES Wealth or rights to monetary crude oil royalty payments, and criminal impersonation is a known FACT to be used as a hiding place, i.e., look-a-like modus operandi for FUGITIVES wanted for heinous unjustifiable crime(s) of covert terrorism.

40. WHEREFORE, the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heirs)/CREDITOR,

JEROME L. GRIMES, B.A., & MBA, demands judgment against the DEFENDANT/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., for compensatory damages, costs to bring suit, costs and any other relief deemed just and proper. In addition, the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heirs)/(CREDITOR), Jerome L. Grimes, B.A., & MBA demands trial by jury of all issues so triable.

COUNT III

INDIVIDUAL CLAIM OF JEROME L. GRIMES AGAINST ARAPAHOE SPV, LLC., FOR OTHER

CIVIL RIGHTS

41. The Plaintiff JEROME L. GRIMES realleges and reavers the allegations contained in paragraphs 1A through 34A above as if fully set forth herein.

42. This is federal law cause of action against ARAPAHOE SPV, LLC., pursuant to 28 U.S.C. Other Civil Rights Tort, identified as 440 on the Civil Cover Sheet JS44 Form. Beyond a question of law and fact common to the claim of the representative parties, i.e., DEFENDANT/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., are responsible for their duty of care in the TRANSFERRED/LEASED *still in-effect* and **"BINDING"** <u>**1944**</u> Crude Oil Lease Contractual Agreement, and provides other civil rights, i.e., fraudulent conversion and trespass to chattels known as supervisory negligence coverage to individuals, lessors, land owners, and creditors *Stare Decisis* jurisprudence of law when the defendants incorporated foreign

forprofit in Louisiana and said **1944** Crude Oil Lease Contractual Agreement is TRANSFERRED/LEASED to a New LESSEE(S)/DEBTOR(S), i.e., lessee, debtor, or crude oil exploration service provider company/companies with duty of care imposed by federal law DEFENDANT/LESSEE/DEBTOR had supervisory vicarious negligently intimidated the crude oil & minerals royalties monetary payments belonging to the PLAINTIFF/(LESSOR)/(OWNER) CREDITOR and Co-heirs/(Fellow LESSORS)/(Fellow CREDITORS) since, **July 20, 2020,**

TRANSFER/LEASE/CONSUMMATION of the ***still in-effect*** and ***"BINDING"*** **1944** Crude Oil Lease Contractual Agreement (DOC. **263**, Bankruptcy Petition No.: **19-50596**). (*Rowland - v.- Christian*, 9 Cal. 2d 108 (1968)).

43.   The PLAINTIFF/(LESSOR)/LAND OWNER/(Co-heir)/CREDITOR, Jerome L. Grimes, B.A., & MBA, and (Fellow LESSORS)/(LAND OWNERS)/(Co-heirs)/CREDITORS "NEVER" received any of the, **November 27, 2007,** **"CONVEYED"** duty of care crude oil and minerals royalty payments in the true valuation monetary amounts from the DEFENDANT/(LESSEE)/ (LESSEES)/DEBTOR, ARAPAHOE SPV, LLC.

44.   As a direct result of the supervisory negligence of DEFENDANT/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., the vicariously liable, the PLAINTIFF/(LESSOR)/(LAND OWNER)/ (Co-heir/CREDITOR), JEROME L. GRIMES, B.A., & MBA, and (Co-heirs)/(Fellow-CREDITORS)/(Fellow LESSORS) has sustained reputation, intimidation, or discrimination injuries and damages as follows:  (a) past and future emotional pain and suffering; (b) loss

of capacity of enjoyment of life without being able to receive the actual factual valuation and crude oil royalties monetary payments from the DEFENDANT/(DEBTOR)/(LESSEE) through unfair bias and unjustifiable discrimination against the PLAINTIFF/(LESSOR)/(LAND-OWNER)/(Co-heir)/(CREDITOR) and against (Co-heirs)/(LAND OWNERS)/(Fellow-CREDITORS)/(Fellow LESSORS) by the DEFENDANT'S/(LESSEE'S)/DEBTOR'S negligence or vicarious negligence of ANTI-TRUST UNDERVALUATION OF CRUDE OIL ROYALTIES MONETARY PAYMENTS; (c) expenses and costs to bring tort litigation; and (d) the aforementioned losses are either permanent or continuing and PLAINTIFF/(LESSOR)/(LAND-OWNER)/(Co-heir)/(CREDITOR) and (Co-heirs)/(LAND OWNERS)/(Fellow-CREDITORS)/(Fellow LESSORS) will suffer losses in the future. (*Getz -v.- Robert Welch, Inc.,* 418 U.S. 323 (1974)), (1st, 4th, 5th, 9th and 14th Amendments Rights tort brought by private individuals for equal protection of the laws, U.S. Constitution).

WHEREFORE, the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heirs)/(CREDITOR), JEROME L. GRIMES, B.A., & MBA, demands judgment against the DEFENDANT/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., for compensatory damages, costs and any other relief deemed just and proper.

In addition, the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heirs)/(CREDITOR) demands trial by jury of all issues so triable.

## COUNT IV

## INDIVIDUAL CLAIM OF JEROME L. GRIMES AGAINST ARAPAHOE SPV, LLC., FOR OTHER CONTRACT RIGHTS

45.  The Plaintiff JEROME L. GRIMES realleges and reavers the allegations contained in paragraphs 1A through 38A above as if fully set forth herein.

46.  This is federal law cause of action against Defendant, ARAPAHOE SPV, LLC., pursuant to 28 U.S.C. 1391, Other Contract Tort, identified as 190 on the Civil Cover Sheet JS44 Form. Beyond a question of law and fact common to the claim of the representative parties, i.e., defendants are responsible and liable in their duty of care to the *still in-effect* and *"BINDING"* 1944 Crude Oil Lease Contractual Agreement, and provides other contract, i.e., jurisprudence common law to Duty of Care to protect against employees' theft, negligence, and/or misconduct (*Getz -v.- Robert Welch, Inc.*, 418 U.S. 323 (1974)). Asserted by the 1st, 4th, 5th, 9th and 14th Amendments Rights tort brought by private individuals for supervisory negligence and for equal protection of the laws, U.S. Constitution. The contours of the right must be sufficiently clear that a reasonable official, employee, state, or non-state actor would understand that what he/she is doing violates that right to duty of care. (*Clayton Anti-trust Act of 1914*: *Allows the recovery of damages by "any person injured in his business or property by reason of anything forbidden in the antitrust laws"*)(*Robinson-Patman Act of*

*1936*). Public interest factors "*The Law Letter*", Vol. 39, No. 1, fraudulent conversion and trespass to chattels known as supervisory negligence coverage to individuals, land owners, lessors, and creditors *Stare Decisis* jurisprudence of law when the defendants incorporated foreign for-profit in Louisiana and said TRANSFERRED/LEASED/CONSUMMATED **"VALID"** and "BINDING" **1944** Crude Oil Lease Contractual Agreement is purchased/leased/transferred/consummated from the EX-LESSEE (the "PREVIOUS LESSEE") LEASES/TRANSFERS with duty of care responsibilities imposed by law DEFENDANT/(LESSEE)/DEBTOR had violated antitrust undervaluation of crude oil monetary royalties payments and/or trespass to chattel of crude oil royalties monetary payments belonging to the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heir)/(CREDITOR) and Co-heirs/ (Fellow LESSORS)/(Fellow LAND OWNERS)/(Fellow CREDITORS) since at least, **July 20, 2020**. (*Rowland -v.- Christian*, 9 Cal. 2d 108 (1968)).

47. As a direct result of the supervisory negligence of Defendant/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., the vicariously liable, the Plaintiff/(LESSOR)/(LAND OWNER)/ (Co-heirs)/(CREDITOR), JEROME L GRIMES, B.A., & MBA, has sustained reputation injuries and damages as follows: (a) past and future emotional pain and suffering; (b) loss of capacity of enjoyment of life without being able to receive the actual factual valuation and crude oil royalties monetary payments from the DEFENDANT/(DEBTOR)/(LESSEE) through unfair bias and unjustifiable discrimination against the PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heir)/(CREDITOR) and against

(Co-heirs)/(LAND   OWNERS)/(Fellow LESSORS)/(Fellow  CREDITORS) by     the

DEFENDANT'S/(LESSEE'S)/(DEBTOR'S) negligence of ANTI-TRUST UNDERVALUATION OF

CRUDE OIL ROYALTIES MONETARY PAYMENTS; (c) expenses and costs to bring tort

litigation; and (d) the aforementioned losses are either permanent or continuing and

PLAINTIFF/(LESSOR)/(LAND OWNER)/(Co-heir)/(CREDITOR) and (Co-heirs)/(Fellow LAND

OWNERS)/(Fellow LESSORS)/(Fellow CREDITORS) will suffer losses in the future.

48.  WHEREFORE, the PLAINTIFF/LESSOR/(LAND OWNER)/(Co-heirs)/

CREDITOR, JEROME  L.  GRIMES,  B.A.,  &  MBA,  demands  judgment

against the DEFENDANT/(LESSEE)/DEBTOR, ARAPAHOE SPV, LLC., for

compensatory damages, costs and any other relief deemed just and

proper.

49.  AND: Damages: SUM Certain: **$192,000.00** (One Hundred And Ninety-two Thousand

Dollars) for the  past (**12**) Twelve MONTHS of missed **8%** of Crude Oil Gross MONTHLY

Revenues,  i.e.,  MONTHLY  Crude  Oil  Royalties  Payments  belonging  to  the

PLAINTIFF/(LESSOR)/(LAND  OWNER)/(Co-heir)/(CREDITOR)  and  (Co-heirs)/(Fellow  LAND

OWNERS)/(Fellow LESSORS)/(Fellow CREDITORS).

50.  An injunction (i.e.. Court Order) is requested for the granting of the PLAINTIFF "permission" to collect

MOUTHSWAB samples for DNA 'BANKING' the MOUTHSWAB chromosomes samples of 'EACH' CO-HEIR before

they can claim their Crude Oil Inheritance Checks identified in this HEREIN PLAINTIFF'S Civil Tort for

HIS/(PLAINTIFF'S) inheritance crude oil checks MONTHLY amount of accounts receivables due. The MOUTHSWAB

samples requested are DNA chromosomes samples "needed" from the CO-HEIRS to "prevent" criminal impersonation

greater than identity theft (e.g., where look-a-likes are 'utilized illegally' to hide their true identity from prosecution for their wrong doing in the unjustifiable Jonestown Massacre SIMULTANEOUS Home Invasions of Inter-state & International VICTIMS' (the "PLAINTIFF'S") Family on or about 11/18/1972 {Fraudulent Date: 1978-alleged}; & in the unjustifiable Oklahoma City RENTAL TRUCK RAM/Bombing SIMULTANEOUS Home Invasions against Mass Inter-state VICTIMS (the "PLAINTIFF'S") PARENTS' "HOME" & Persons 04/19/1995; and in the unjustifiable 02/26/1993 (e.g., 09/11/2001) TRANSPORTATION Vehicles Mass Murders SIMULTANEOUS Planes & Home Invasions against Mass Inter-state VICTIMS (the "PLAINTIFF'S") PARENTS' HOME & Persons (Haines at 519). This is known as Internal Control to deter and detect Fraudsters who would NEVER admit to a conspiracy when they get caught "not" if they get caught (Donald R. Cressey Fraud Triangle Theory 1953).

51.          Chromosome DNA Collecting Methodology (PROPOSED)

a.)      The PLAINTIFF would personally COLLECT the MOUTHSWAB from EACH 'CO-HEIR' by letting EACH particular CO-HEIR "SWAB" their very own "MOUTH".

b.)      The PLAINTIFF would TRANSPORT the MOUTHSWAB securely and stably inter-state to the DNA Laboratory (i.e., DDC) for "15-Years BANKING" where Relationship TEST would be SCREENED within 30-DAYS of the DELIVERY of the MOUTHSWAB Chromosomes sample for safety & welfare of the succeeding generations (CO-HEIRS) of the DECEDENTS: Eula Lane Washington-Grimes-Ford (i.e., Frank & Almer Washington) (i.e., Almer Washington) ESTATES' Legacy in Memory & Honor of VICTIMS/(CO-HEIRS) such as: Thelma Grimes/ (DECEDENT)/VICTIM of the unjustifiable Jonestown Massacre 11/18/1972 (Fraudulent Date 1978alleged)(Ancillary Succession Number: 9032).

c.)      The DNA "BANKING" and Relationship TESTING would be conducted at the PLAINTIFF'S monetary "expense" as an ETERNAL GIFT to the ESTATES & FAMILIES of: COVERT VICTIMS/ (DECEDENTS:) Eula Lane Washington-Grimes-Ford (i.e., Frank and Almer Washington)(i.e, Almer Washington) and (e.g., Thelma Grimes, et., al.,).

52. I declare under the penalty of perjury, under the laws of the (USA) United States of America and

Its Territories, that the foregoing and following is true and correct.

Dated: March 31, 2023

*s/JEROME L. GRIMES*

Mr. Jerome L. Grimes, B.A., & MBA,

PhD Doctoral Graduate Student

(On 'OPTIONAL TIME SPAN' Temporary Leave)

And,

In Pro Se, Plaintiff

And,

Chief Administrator of:

(FSF) Futuristic Safety First

(*A 501c3 Nonprofit Organization*)

(928) 580-4756 (Cellular Telephone)

cdosims@gmail.com

Temporary Visitor Status DEFUNCT MAILING ADDRESS:

Jerome L. Grimes

GENERAL DELIVERY

Montclair, CA. 91763-9999

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



**UNITED STATES POSTAL SERVICE.**

*Retail*

**P**

### US POSTAGE PAID
**$9.65**

Origin: 91762
04/03/23
0556550812-14

### PRIORITY MAIL®

0 Lb 8.90 Oz

**RDC 04**

EXPECTED DELIVERY DAY:  04/06/23

C012

SHIP
TO:

844 N KING ST
UNIT 4
WILMINGTON DE 19801-3519

**USPS TRACKING® #**



9505 5141 0432 3093 7352 54

**FROM:**

*Jerome L. Grimes*
*General Delivery*
*Montclair, CA. 91763-9999*

**TO:**

*United States District Court*
*Attn: Clerk Office.*
*844 N. King Street, 4th Fl,*
*Room #: 4209 (Unit 12)*
*Wilmington, DE. 19801-3570*

ADHERE LABEL HERE. SEAL ALL EDGES TO PREVENT LOSS IN MAIL. PRESS FIRMLY TO SEAL

**PRIORITY MAIL**

■ Expected
■ Domestic
■ USPS Tra
■ Limited in
■ When use

*Insurance doe
Domestic Mail

** See Internati

**FLAT**
ONE RATE

**TRAC**



PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

free Package Pickup,
the QR code.



USPS.COM/PICKUP

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.