IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEROME L. GRIMES,                    )
                                     )
              Plaintiff,             )
                                     )
       v.                            )
                                     )   C.A. No. 23-387-GBW
ARAPAHOE, SPV, LLC,                  )
                                     )
              Defendant.             )

## **MEMORANDUM OPINION**

Jerome L. Grimes, Montclair, California.  Pro Se Plaintiff.

November 2, 2023
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff Jerome L. Grimes initiated this action on April 5, 2023.  (D.I. 2).

He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I.

4).  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

## I.    BACKGROUND

The Complaint is lengthy and difficult to follow.  Plaintiff brings this action

against Defendant Arapahoe SPV, LLC.  In the Complaint, Plaintiff states that he

is a citizen of Florida.  He states that Defendant is domiciled under the laws of

Delaware.  He asserts federal question jurisdiction based on antitrust claims, and

he also asserts diversity of citizenship jurisdiction.  He states that this "is an action

for declaratory relief against [Defendant] Arapahoe SPV, LLC, pursuant to 28

U.S.C. Personal Property Tort Other Fraud," based on his claim that Defendant is

liable for "Crude Oil Royalties Payments."  (D.I. 2 at 25).  Plaintiff alleges that

Defendant has violated federal antitrust laws by underpaying these payments to

Plaintiff, which he alleges are owed pursuant to a land lease contract, concerning a

600-acre parcel of land in Louisiana, entered into by his great-great grandfather,

who is now deceased.  He appears to assert that all members of his family in

lineage after his great-great grandfather, but before Plaintiff's generation are now

deceased as well.

For relief, he requests declaratory relief, damages, and injunctive relief granting him permission to collect DNA mouth swabs from co-heirs claiming portions of the royalties payments.

## II. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

### III.   **DISCUSSION**

As it stands, Plaintiff's Complaint contains many pages, but no cognizable claims.  Accordingly, the Complaint will be dismissed for failure to state a claim. He will be given an opportunity to file an amended complaint.  Should he choose to do so, he should concisely state the facts he is alleging and the claims he is bringing.  He would do well to remove excess words, such as "1944-inside-jobbers aka: Anti-American Employees' W-2 Forms & Notary Public "Co-Shills" of 1944-Year, discovered through In Pro Se Investigation." (*Id.* at 7).  He also does not need refer to himself repeatedly with the title, "B.A. & MBA, & PHD Graduate Student (On Optional Time Span 'Temporary Leave')"; his last name, or just "Plaintiff" is sufficient to identify himself.  If Plaintiff is in possession of a copy of the land lease in question, and other documents demonstrating his rights, it would be helpful to include them with the amended complaint, but he is not required to do so.  At the very least, he should describe them in either plain language or in the language used therein.  This is not an invitation for Plaintiff to expand the length of the Complaint.  He would do well to significantly shorten the page count, avoid legalese, and focus on clarity and plain English.

## IV.  **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given leave to file an amended

complaint.

An appropriate Order will be entered.